[Crim. No. 3110.   Second Appellate District, Division Two.—June 30, 1938.]

THE PEOPLE, Respondent, v. F. E. OLLINGER, Appellant.

John C. Kleber and Martin Korstad for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—The appellant, having been convicted in 1933 of the crime of grand theft, now takes this appeal from the judgment of conviction which was subsequently entered in 1938.

Following his conviction in 1933, and before pronouncing of judgment and sentence, appellant applied for, and was granted probation for a five-year period, the court ordering all proceedings to be suspended until termination of the period of probation.  Before the five-year period would have terminated, appellant violated the terms of his probation, the judgment from which this appeal is taken was entered and appellant sentenced to imprisonment.

■ The sole point which we are called upon to decide is whether or not the trial court committed prejudicial error in refusing to give to the jury certain instructions requested by the appellant, covering the law relating to character evidence. No other instructions were given on this point. In this respect, it should be noted that the charge of grand theft was substantiated by evidence that appellant either embezzled certain funds, or by means of false or fraudulent representations or pretenses obtained certain funds. Appellant introduced the testimony of several character witnesses to the effect that his reputation for truth, honesty and integrity in the community in which he lived, was good. No evidence of appellant's bad reputation for truth, honesty and integrity was introduced by the prosecution, so that the sole evidence before the jury as to appellant's reputation for these traits was favorable to appellant—there was no conflict. The requested instructions are not set forth herein for the reason that, though correctly stating the law applicable to character evidence and therefore erroneously refused by the trial court, we believe such error insufficient to justify a reversal.

As indicated before, the only evidence before the jury on the point involved herein, was that of appellant's good character. The jury was instructed that it was the sole judge of the weight of the evidence, that it was to determine all questions of fact and that the witnesses were presumed to speak the truth. Though the court failed to give the requested instructions, or any covering that subject, we must assume that the jury, under the general instructions above noted, considered the character evidence in arriving at its verdict of guilty.

The complaining witness, who was a music teacher, testified that she had met this defendant about fifteen years previous to the trial herein, but that she did not ''know him'' until about two years ago; that during the last week of April this defendant called her on the telephone and asked if she would be interested in a boat cruise, and he said he had two friends of his from Seattle who were here who had a boat they had purchased and that they had put their fortune in it. They were going to take a six months' cruise to the South Seas, and would I be interested in it? In May, this defendant, pursuant to an appointment made with the complaining witness, came out to her house with the other defendants. At

that time this defendant introduced the other two defendants as friends of his from Seattle who had charge of the cruise to the South Seas, explaining in detail the proposed itinerary which they showed her upon a printed form. The elder defendant, Sterling stated to her that they had been very wealthy and had put $150,000 of their own money in the "Calawaii", but that they needed $3,000 for "tag ends". She did not give any of the defendants any money at this meeting, however. At a third meeting Mr. and Mrs. Bailey, acquaintances of the victim, were present, Mrs. Bailey having been invited over to interview the defendant Sterling with regard to obtaining employment as beauty operator on said ship during said cruise. Both of said Baileys also testified that on that occasion this defendant stated that $150,000 had been paid for the "Calawaii", and the other defendants nodded their heads as if to verify the statement. Two of the victim's sons corroborated her testimony. One of them was to be employed as orchestra leader on the cruise. The complaining witness delivered her check for $3,000. At that time the complaining witness believed that the three defendants had paid the sum of $150,000 for the "Calawaii" and that the defendant Sterling owned said ship and was going to take a trip to the ports designated by them, and that the complaining witness was to go on said trip, and that her son was to be made orchestra leader on the boat during its cruise. A little later, after further importunities upon the part of defendants, the complaining witness advanced an additional $3,000, likewise in the belief that defendants were the owners of said ship and that she was to take said six months' cruise on it to the South Seas.

The truth was that the defendants had not purchased said ship. It was owned by the Los Angeles Steamship Company. Three days after the defendants had obtained the first $3,000 from the complaining witness, the defendant Sterling addressed a letter to the owner's ship brokers offering to purchase said ship for $75,000, and accompanied said letter with a check for $500, and promised to pay an additional $4,500 within thirty days "which will constitute the balance of $5,000 paid as an option to purchase". Said $500 was part of the first $3,000 obtained from the complaining witness herein. No other sums than said $500, were ever paid. The option was therefore lost and so was the complaining witness's

money. The evidence is direct, not circumstantial, and it is clear and convincing of the defendants' guilt. In view of the evidence, it is not at all probable that any other verdict would have been returned had the instructions under discussion been given.

Looking at the entire cause, it appears that appellant was willing to accept probation on the condition that he reimburse the complaining witness for the amount of funds which he had taken. Now, having failed to make any reimbursement whatever, he asks that we reverse the judgment because of an error in refusing to give an instruction.

After an examination of the entire cause, including the evidence, we do not feel justified in holding such error to be reversible for it has not resulted in a miscarriage of justice as contemplated by article VI, section $4\frac{1}{2}$ of the Constitution.

Judgment affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 29, 1938.